ROBERT B. SYKES (#3180)
    bob@sykesinjurylaw.com
ALYSON E. CARTER (#9886)
    alyson@sykesinjurylaw.com
ROBERT B. SYKES & ASSOCIATES, P.C.
311 South State Street, Suite 240
Salt Lake City, Utah  84111
Telephone (801) 533-0222
Facsimile (801) 533-8081
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KATIE KING, | COMPLAINT |
| | and |
| Plaintiff, | JURY DEMAND |
| vs. | |
| SHAWN WALTON, a Layton City Police Officer; LAYTON CITY; and JOHN and JANE DOES 1-10, | Civil No. 1:09-cv-30 |
| | Judge Clark Waddoups |
| Defendants. | |

Plaintiff Katie King, through counsel, complains and alleges for causes of action against Defendants as follows:

-2-

## PRELIMINARY STATEMENT

This is a civil rights action in which the Plaintiff, Katie King, seeks relief for the Defendants' violations of her rights guaranteed by the United States Constitution, specifically the Fourth Amendment, which right is further secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and § 1988, and by the laws and the Constitution of the State of Utah. Ms. King seeks damages, both compensatory and punitive damages; affirmative and equitable relief; an award of attorney's fees, costs, and interest; and other and further relief as this Court deems just and equitable. This is further an action at law to redress a deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to the Plaintiff by the Fourth Amendment of the Constitution of the United States, and arises under the law and statutes of the State of Utah.

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and federal law, particularly under the provisions of the Fourth Amendment of the Constitution of the United States, and 42 U.S.C. §§ 1983 and 1988.

2. This action seeks redress for violations of the civil rights laws of the United States, and jurisdiction is therefore invoked pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

3. The claims made in this Complaint occurred and arose in the State of Utah, in this District, and in the Central Division. Venue is therefore proper under 28 U.S.C. § 1391.

4. Ms. King is seeking damages pursuant to the claims for relief specified below in amounts to be proved at trial.

## PARTIES

5. Plaintiff Katie King ("Katie"), at all times relevant herein, was a 19-year-old citizen of the United States of America and a resident of the City of Layton, County of Davis, State of Utah.

6. Defendant Shawn Walton ("Walton") was at all relevant times a law enforcement officer employed by the Layton City Police Department, City of Layton, State of Utah.

7. Defendant Layton City is a municipal corporation, duly organized and incorporated under the laws of the State of Utah.

8. At all times relevant herein, Brandie Stanley ("Stanley") was an Animal Control Officer employed by Davis County, State of Utah. She is not a Defendant.

9. This action is brought against Walton in his individual and official capacities. His authority to act was derived from Utah State law and/or

the commands and directives of their superiors. All of the acts of the individuals and entities listed in the following paragraphs were performed under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Utah and the City of Layton.

10. Katie will serve notice of her pendent state claims against the Defendants pursuant to Utah law. Such claims may be amended into this Complaint at a later time. Plaintiff denies that notice is required of any §1983 claims in this Complaint since state law notice of such claims is not required.

## FACTUAL ALLEGATIONS

11. On or about April 13, 2008, Katie was on the phone in her home when she noticed Officers Walton and Stanley outside. She went outside to investigate. This entire event was captured on Walton's dashcam.

12. Stanley and Walton were responding to a neighbor's complaint of dogs running loose.

13. As Katie approached the officers, Stanley asked if she was the owner of the dogs that were running loose. Katie answered in the affirmative.

14. When asked for her driver's license, Katie offered and was allowed to go into her house to get it, but she could not find it and returned to where the officers were.

15. Upon being questioned by Officer Walton, Katie provided her first and last name, birth date, address, and phone number.

16. Stanley then asked Katie for her boyfriend's name and her cousin's or roommate's name.

17. Although Katie responded to these questions, she was confused and asked why she was being asked for such information, since she had admitted responsibility for the dogs and had provided her personal information.

18. Walton, apparently annoyed without any good reason, yelled at Katie to "get off the phone." Katie, who had been fully cooperating to this point, was offended by Walton's sudden outburst and exclaimed, "Excuse you?"

19. Walton again told Katie to get off the phone, which she refused to do.

20. Walton then grabbed Katie's arm forcefully and without warning. Katie said, "Don't touch me," after which Walton tackled Katie, took her to the ground forcefully, and handcuffed her. As a result, Katie experienced significant pain and sustained several bruises, cuts, and abrasions.

21. Instead of intervening to stop such unnecessary and excessive force, Stanley deliberately turned away so she did not have to watch.

## FIRST CAUSE OF ACTION

### Excessive Force - Against Officer Walton

In Violation Of The Fourth Amendment
Cognizable Under 42 U.S.C. § 1983

22. Plaintiff incorporates by reference the above allegations.

23. The proper focus in determining the reasonableness of force used is on the events immediately confronting officers when they decide to use force. Force is not reasonable when a suspect is non-violent, not fleeing, not resisting, and otherwise poses no threat. Furthermore, force is not permitted at all when there is no need to use force.

24. Prior to her arrest, Officer Walton never notified Katie that she was being detained. She had been cooperative, she had taken responsibility for the loose dogs, and she had provided her personal information to the officers. She was under no legal obligation to provide further information about her boyfriend, her cousin, or her roommate. There was no need for Walton to grab her arm or to forcefully take her to the ground, injuring her.

25. Walton's actions were deliberate and reckless and were the direct cause of Katie's injuries.

26. Such violation of Katie's rights is actionable under 42 U.S.C. § 1983, and Katie is entitled to judgment against Defendants in an amount to be proved at trial, plus costs and attorneys fees pursuant to 42 U.S.C. § 1988.

27. Katie is further entitled to punitive damages against Walton, as allowed by law, since his actions were intentional, wanton, malicious, and oppressive.

## SECOND CAUSE OF ACTION

### Negligent Hiring, Retention, Training, and/or Supervision

Against Defendant City of Layton
Cognizable Under 42 U.S.C. § 1983

28. Plaintiff incorporates by reference all above allegations.

29. Defendant Layton City and its political subdivision, the Layton City Police Department, are each considered a "person" for purposes of a §1983 action. Layton City may therefore be sued directly for the actions of the Layton City Police Department, as well as for its own actions, for monetary, declaratory, or injunctive relief for their unconstitutional policies, customs, supervision, or practices that violated Katie King's constitutionally protected rights.

30. A 42 U.S.C. §1983 claim may be asserted against a City based on allegations of negligence in hiring, training, and/or supervising employees.

Additionally, failure to have a written policy, or to have a policy in place that is customarily not followed, may make the City and supervisors of the city's police department liable for the deprivation of a person's civil rights.

31. At all times relevant to this Complaint, Defendant Officers, as employees of Layton City, were acting under the direction and control of the Layton City Police Department, which acted through its agents and employees who were responsible for its officers, its operations, and for making the policies of the Layton City Police Department.

32. Layton City and its police department failed to adequately train and educate employees in the use of force, creating an atmosphere of illegal and unconstitutional behavior with respect to the use of force on citizens, in deliberate indifference and reckless disregard to the welfare of the public at large, including this Plaintiff.

33. Layton City, through its police force, knew that officers at times encounter situations where a citizen must be detained and/or arrested. Since such an event is entirely foreseeable, Layton City had a duty to train and supervise its employees on how to effect such a detention and/or arrest without violating the person's constitutional rights and/or using unnecessarily excessive force against them.

34. Layton City could have and should have instituted a training program for its employees on how to effect such detention and/or arrest without violating the person's constitutional rights and/or using unnecessarily excessive force against them.

35. By not instituting such a training program, and by not having a written policy, and/or failing to enforce such policy, and/or to properly supervise, Layton City showed reckless disregard and deliberate indifference to the welfare of the public at large, including this Plaintiff.

36. The violation of Katie King's rights are actionable under 42 U.S.C. § 1983, and she is entitled to judgment against Layton City due to the actions of its agent, Officer Walton, in an amount to be proved at trial, plus costs and attorneys fees pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

Plaintiff requests a jury trial on all issues in this case.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For general compensatory damages in the amount of $125,000 or such other reasonable sum to be determined at trial;

2. For special damages as are shown at trial;

3. For punitive damages against Officer Walton as may be allowed by law;

4. For pre-judgment interest on the damages assessed by the verdict of the jury, as allowed by law;

5. For Plaintiff's costs and reasonable attorney fees incurred herein, pursuant to 42 U.S.C. 1988; and

6. For such other and further relief as the Court deems just and proper.

DATED this 2nd day of March, 2009.

ROBERT B. SYKES & ASSOCIATES, P.C.


/s/ Robert B. Sykes
ROBERT B. SYKES
ALYSON E. CARTER
Attorneys for Plaintiff

Q:\CLIENT\2020 King, Katie\2. P\2.1 CASE\Complaint.022509.wpd